UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

CASE NO. 24-1451

DOMECO FUGENSCHUH,
Plaintiff-Appellee,

vs.

BRIAN MINNEHAN AND RYAN STEINKAMP, individually and in their official capacities as a law enforcement officer for the Des Moines, Iowa Police Department;
Defendants-Appellants.

Appeal from the United States District Court for the Southern District of Iowa
Case No. 4:20-cv-00227-HCA

REPLY BRIEF OF APPELLANTS

FOR THE APPELLANTS

| | |
|---|---|
| **Brent L. Hinders, Eric M. Updegraff** | **Stephen R. Eckley** |
| Hopkins & Huebner, P.C. | ECKLEY LAW PLLC |
| 2700 Grand Avenue, Suite 111 | 666 Walnut Street, Suite 2308 |
| Des Moines, IA 50312 | Des Moines, IA 50309 |
| Telephone: 515-244-0111 | Telephone: 515-218-1717 |
| Facsimile: 515-244-8935 | Facsimile: 515.218.1555 |
| Email: bhinders@hhlawpc.com | Email: steve@steveeckleylaw.com |

i

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................3

    A.    The district court erroneously relied on a non-legally significant charge amendment in its qualified immunity analysis; the consideration the of amended charge does not establish a factual dispute. ........................3

    B.    No genuine dispute of material facts exists regarding Fugenschuh's seizure ................................................................................................................6

    C.    There is a lack of substantive evidence to support Fugenschuh's alleged excessive force claim; summary judgment is justified. ..................8

    D.    Summary judgment is appropriate due to insufficient evidence of retaliation ..............................................................................................................11

III. CONCLUSION ....................................................................................................14

CERTIFICATIONS ..................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page(s)**

*Brown v. City of Golden Valley*, 574 F.3d 491 (8th Cir. 2009) ..............................10

*Chambers v. Pennycook*, 641 F.3d 898 (8th Cir. 2011) ...................................10, 12

*Devenpeck v. Alford*, 543 U.S. 146 (2004) ........................................................3, 5

*Graham v. Connor*, 490 U.S. 386 (1989) ......................................................7, 9, 11

*Greiner v. City of Champlin*, 27 F.3d 1346 (8th Cir. 1994) ....................................9

*Henderson v. Munn*, 439 F.3d 497 (8th Cir. 2006) ...............................................8, 9

*Littrell v. Franklin*, 388 F.3d 578 (8th Cir. 2004) ....................................................9

*Nieves v. Bartlett*, 587 U.S. 391 (2019) ..................................................................12

*Rokusek v. Jansen*, 899 F.3d 544 (8th Cir. 2018) ....................................................10

*Scott v. U.S.*, 436 U.S. 128 (1978) ............................................................................4

*State v. Tyler*, 830 N.W.2d 288 (Iowa 2013) ............................................................4

*Tatum v. Robinson*, 858 F.3d 544 (8th Cir. 2017) ...................................................10

*Tolan v. Cotton*, 572 U.S. 650 (2014) .......................................................................8

*Webster v. Westlake*, 41 F.4th 1004 (8th Cir. 2022) .................................................4

*Whren v. U.S.*, 517 U.S. 806 (1996) ......................................................................4, 6

*Wood v. Wooten*, 986 F.3d 1079 (8th Cir. 2021) .......................................................3

**Rules:**

Fed. R. Civ. P. 56..........................................................................................................8

## I. INTRODUCTION

The district court's decision erroneously denied summary judgment by relying on a legally insignificant amendment to the charge against Mr. Fugenschuh and by misinterpreting evidence regarding his claims. Defendants' challenge the improper consideration of non-legally significant amendment in the qualified immunity analysis, a failure to recognize lack of genuine disputes regarding Fugenschuh's seizure, a misapprehension of the substantive evidence necessary to support Fugenschuh's excessive force claim, and an unjustified denial of summary judgment in the absence of sufficient evidence of retaliation.

The district court's analysis improperly considered an amendment to the original charge, which is not legally significant in determining the presence of qualified immunity. This approach does not establish a factual dispute material to the legal issue of qualified immunity and instead creates a misleading basis for denying summary judgment.

The record clearly demonstrates that there are no genuine disputes of material facts concerning the seizure of Fugenschuh. The established facts confirm that the officers acted within their legal bounds, and any perceived discrepancies do not rise to the level of creating a legitimate factual dispute.

1

Further, Fugenschuh's excessive force claim lacks substantive evidence. The evidentiary record does not support the allegations of excessive force, making summary judgment appropriate. The district court's failure to grant summary judgment on this basis overlooks the insufficiency of Fugenschuh's evidence.

There is a clear deficiency of evidence to support claims of retaliation. The record indicates that the officers' conduct was lawful and justified, with no substantial evidence indicating retaliatory intent or action. Consequently, summary judgment should be granted in favor of Defendants due to the lack of credible evidence of retaliation.

The district court's decision should be reversed, and summary judgment should be granted in favor of Defendants. The legal and factual missteps in the lower court's analysis demonstrate the need for this Court to correct the errors and apply the appropriate standards of law.

## II. ARGUMENT

**A. The district court erroneously relied on a non-legally significant charge amendment in its qualified immunity analysis; the consideration of the amended charge does not establish a factual dispute.**

The district court's reliance on the amended charge (Iowa Code § 321.322) in addition to the original charge (Iowa Code 321.311) does not substantiate a factual dispute that precludes summary judgment. Fugenschuh argues that for the district court to assess whether Defendants had reasonable suspicion for the traffic stop or probable cause to arrest, the district court needed to consider both the original charge and the amended charge. (Pltf. Br. 9). However, the analysis of whether Defendants could invoke qualified immunity should have been whether there was probable cause for *any* violation, not the specific charge cited at the time of the arrest. (Def. Br. 12). Legal significance should not have been placed on the fact that there was an amendment. An amended charge is not relevant to the analysis of qualified immunity.

An officer's "subjective reason for making an arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *See also Wood v. Wooten*, 986 F.3d 1079, 1081 (8th Cir. 2021). Specifically, "'the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed

3

objectively, justify that action.'" *Whren, supra*, at 813, 116 S.Ct. 1769 (quoting *Scott v. United States*, 436 U.S. 128, 138, (1978)).

The district court's consideration of an amendment strays from the analysis of whether an officer is entitled to qualified immunity. The fact that the prosecutor corrected a charging error is not relevant to the analysis of qualified immunity at summary judgment. Case law provided in Defendant's brief further illustrates that an amended charge does not substantiate a legally significant fact requiring determination by a jury. (Def. Br. 9–12).

In the present case, the main issue is whether Defendants are entitled to qualified immunity. This is determined through a showing of whether Defendants had probable cause for *any* violation. *Webster v. Westlake*, 41 F.4th 1004, 1012 (8th Cir. 2022). Probable cause was established through uncontroverted evidence that the officers pulled Fugenschuh over for "cutting off" a driver. Even if there was an error of fact, officers should not be given a negative inference because of a charging error as discussed in Defendants brief. (Def. Br. 11). *See also State v. Tyler*, 830 N.W.2d 288, 293–94 (Iowa 2013) (noting "probable cause may exist even if the officer's perception of the traffic violation was inaccurate. The existence of probable cause for a traffic stop is evaluated "from the standpoint of an objectively reasonable police officer."").

4

Appellate Case: 24-1451     Page: 7     Date Filed: 06/12/2024 Entry ID: 5402979

The ruling in *Devenpeck v. Alford* explains that the validity of an arrest is based on the objective facts available to the officer, not the specific charge cited at the time. *Devenpeck v. Alford*, 543 U.S. at 146. The undisputed evidence clearly shows that the officers pulled Fugenschuh over for "cutting off" another driver, causing the driver to brake because Fugenschuh moved in front of them. There was a clear basis for an arrest under the amended charge. Thus, the district court's analysis should have focused on the fact that probable cause was shown. Placing such high legal significance on the citation amendment creates a situation where officers may not want to list a reason for arrest out of fear that a later amendment will give rise to a factual dispute despite the showing of probable cause, or officers would need to cite every class of offense for which probable cause could conceivably exist. *Devenpeck v. Alford*, 543 U.S. at 155.

Notably in the present case, an amendment was made for a violation evidenced by probable cause. The showing of the probable cause is the crux of the analysis, not whether the initial citation was amended. Consideration of the original charge does not substantiate a factual dispute when the main issue is whether an officer is entitled to qualified immunity. The amendment of the original charge is not evidence of disputed facts. Defendants had probable cause to determine there was a violation. An amendment to the specific charge does not retrospectively affect the objective existence of probable cause. *Id*.

5

"[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent." *Whren, supra*, at 814. Fugenschuh was initially charged under one statute then the charge was amended because there was probable cause to charge him under another statute. The facts are not in dispute here. There is clear evidence showing that an amendment was made and accepted as the best fitting charge for what factually occurred. It was not "legally *necessary*"—as Plaintiff incorrectly states in his brief—for the court to rule out the initial charge. (Pltf. Br. 9). The district court erred in its assessment of whether Defendants are entitled to qualified immunity by inappropriately relying on the fact that the prosecutor amended the charge. The mere act of amending a charge by the prosecutor is not inherently indicative of a factual inconsistency but rather a procedural adjustment.

**B.     No genuine dispute of material facts exists regarding Fugenschuh's seizure.**

Although the nonmoving party is entitled to inferences drawn in their favor, this principle must be balanced with the objective evidence available. The incident at issue, involving routine traffic enforcement, should be evaluated under the Fourth Amendment standard of objective reasonableness. Defendants assert that their decision to stop and charge Fugenschuh was based on their observation that he created an "immediate hazard" as defined by Iowa Code § 321.322(1). This

6

determination was made in real-time based on their professional judgment. (Def. Br. 11).

Contrary to the district court's approach, courts must defer to the officers' perceptions and judgments made in the field, particularly where they involve split-second decisions. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (noting, the assessment of reasonableness must consider the fact that officers are often forced to make split-second judgements about the amount of force necessary in a situation). Although the present case may not involve a rapidly evolving scenario like those in cases cited by Plaintiff, it nonetheless required the officers to make immediate judgments based on the conditions they observed.

Plaintiff's reliance on video evidence to argue that no "immediate hazard" existed is misplaced. The video, when viewed objectively, does not contradict the Defendants' observations and judgment. Instead, it corroborates that Fugenschuh's turn created a situation necessitating police intervention. Additionally, Defendants' judgement was supported by expert opinion stating that, but for breaking, the following vehicle would have collided with Fugenschuh in approximately 1.29 seconds. (Def. Br. 9). The presence of the following vehicle and the manner of Fugenschuh's turn, as captured in the video, substantiate Defendants' actions as reasonable and justified.

7

Plaintiff's reliance on *Tolan v. Cotton*, 572 U.S. 650 (2014), is inappropriate here. In *Tolan*, the Supreme Court emphasized the importance of viewing evidence in the light most favorable to the nonmovant only when material facts are genuinely disputed. In this case, the video evidence provides clear, objective proof that no genuine dispute of material fact exists regarding the reasonableness of Defendants' actions. Coupled with the professional judgement of the officers, police intervention was necessary. Whether categorized as the moving or nonmoving party, Defendants have demonstrated that their actions were reasonable under the circumstances and did not violate clearly established rights of Fugenschuh. Thus, the District Court erred when it determined that there was a fact dispute regarding Fugenschuh's seizure.

## C. There is a lack of substantive evidence to support Fugenschuh's alleged excessive force claim; summary judgment is justified.

Plaintiff's testimony alone does not preclude summary judgment, so no, it does not matter that Fugenschuh baldly states he wasn't resisting. (Pltf. Br. 13). Summary judgment is appropriate when there is no genuine dispute of material fact. Fed. R. Civ. P. 56. Defendants argue that, even accepting Plaintiff's testimony as true, the force used was reasonable under the circumstances. Defendants' actions must be assessed based on the information available to them at the time, not on Plaintiff's subsequent characterizations (Def. Br. 18). The Court in *Henderson v. Munn* explains, "[w]e examine the reasonableness of a particular use of force

8

"from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006) (quoting *Graham v. Connor*, 490 U.S. at 396 (1989)). The video evidence in this case supports Defendants' assertion that any force used was reasonable and de minimis.

Qualified immunity protects officers from liability unless they violated a clearly established right. Defendant Steinkamp acted within the bounds of reasonable conduct given the situation faced. "The Supreme Court's "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. at 396. The test to establish a constitutional violation under the Fourth Amendment's "right to be free from excessive force…is whether the amount of force used was objectively reasonable under the particular circumstances." *Henderson v. Munn*, 439 F.3d at 502 (quoting *Littrell v. Franklin*, 388 F.3d 578, 583 (8th Cir.2004) and *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir.1994)) (internal quotations omitted). As seen in the video, the actions taken were proportional and appropriate to ensure compliance and safety. While Fugenschuh asserts that he was not resisting, this statement alone does not automatically preclude summary judgment.

9

Plaintiff cites several cases to argue that summary judgment is inappropriate. However, these cases are distinguishable. In *Brown v. City of Golden Valley*, the use of a Taser was deemed potentially excessive based on the situation. In contrast, the force used here was minimal, with Plaintiff showing no sign of discomfort and not akin to deploying a Taser or other significant force. *Brown v. City of Golden Valley*, 574 F.3d 491, 500 (8th Cir. 2009). Similarly, in *Tatum v. Robinson* and *Rokusek v. Jansen*, the court found inconsistencies in witness testimonies and video evidence.[1] Here, the video evidence corroborates Defendants' actions, showing them to be reasonable and necessary under the circumstances.

Defendants' use of force, resulting in temporary discomfort, falls within the spectrum of de minimis force, which does not constitute a Fourth Amendment violation. As established in *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) the severity of the injury is not the sole determinant in excessive force claims. The key consideration is whether the force used was objectively reasonable. The brief discomfort experienced by Plaintiff does not rise to the level

---

[1] *Rokusek v. Jansen*, 899 F.3d 544 (8th Cir. 2018); *Tatum v. Robinson*, 858 F.3d 544 (8th Cir. 2017). It must be noted that the force used in *Tatum* was an officer choking and pepper spraying the Plaintiff. These facts are substantially distinguishable from the present case. Similarly, *Rokusek* presents facts where an officer much larger than the Plaintiff lifted the plaintiff off the ground and slammed his head into the floor causing him to lose two teeth. The current case is not a *Tutum* or *Rokusek* situation.

of a constitutional violation, especially in light of the overall context and necessity of the actions taken by the officers.

The district court erred in not granting summary judgment by failing to properly weigh the objective evidence and the reasonableness standard applicable to law enforcement officers. The correct legal standard requires an assessment of whether the officers' actions were reasonable based on the facts known to them at the time, and the video evidence supports the conclusion that they were. "We evaluate the reasonableness of an officer's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. at 396. The objective evidence and applicable legal standards support the reasonableness of Defendants' actions, demonstrating that no constitutional violation occurred. The district court should reverse its previous finding and grant summary judgment in favor of Defendants on this issue.

**D.  Summary judgment is appropriate due to insufficient evidence of retaliation.**

Plaintiff asserts that Defendants retaliated against him through various actions, including the initial stop. Defendants contend that the stop was based on reasonable suspicion or probable cause, which inherently defeats any claim of retaliatory motive. Defendants' brief may not have elaborated on this argument extensively, but the legal standard is clear: if an officer has probable cause or

11

reasonable suspicion to conduct a stop, the claim of retaliation is nullified. This principle is supported by the precedent that lawful conduct by officers cannot constitute retaliation. *See Nieves v. Bartlett*, 587 U.S. 391 (2019) (noting, lawful conduct supported by probable cause does not constitute retaliation). As such, any factual disputes about probable cause or reasonable suspicion should not preclude summary judgment.

Regarding the use of force, Defendants reiterate that the force employed was minimal and reasonable under the circumstances. Plaintiff's retaliation claim based on the use of force fails because the de minimis nature of the force used does not support a claim of constitutional violation. As established in *Chambers v. Pennycook*, the severity of the injury is relevant, but not dispositive. *Chambers v. Pennycook*, 641 F.3d at 906. Here, the temporary discomfort experienced by Plaintiff does not amount to a significant injury or constitutional violation. Therefore, Plaintiff's retaliation claim cannot stand on this basis.

Defendants are entitled to qualified immunity unless Plaintiff can show that they violated a clearly established constitutional right. Plaintiff's retaliation claims are not supported by the evidence. Qualified immunity protects officers from liability when their actions, even if mistaken, are reasonable under the circumstances. The actions taken by Defendants, including handcuffing, bending Plaintiff over the hood, and transporting him to jail, were all conducted within the

bounds of standard law enforcement practices and were reasonable given the situation. There is no evidence to suggest that these actions were taken with a retaliatory motive.

Plaintiff's broad allegations of retaliatory motive are not substantiated by the objective evidence. The video evidence, as well as the context of the interactions, demonstrates that Defendants acted appropriately and within legal parameters. The presence of reasonable suspicion or probable cause, coupled with the de minimis nature of the force used, supports the conclusion that Defendants did not act with retaliatory intent.

Plaintiff's reliance on case law to support his claims is misplaced. The cited cases involve scenarios where there was clear evidence of excessive force or lack of probable cause. Here, the objective evidence supports Defendants' actions as reasonable and justified. The precedent underscores the necessity of probable cause and reasonable suspicion in lawful stops and the objective reasonableness of force used, both of which are present in this case.

Defendants assert that they are entitled to summary judgment on Fugenschuh's retaliation claims. The objective evidence and applicable legal standards support the reasonableness of Defendants' actions, demonstrating that no constitutional violation occurred. The district court should reverse its previous finding and grant summary judgment in favor of Defendants on these issues.

13

Appellate Case: 24-1451     Page: 16     Date Filed: 06/12/2024 Entry ID: 5402979

## III. CONCLUSION

The district court incorrectly found that fact questions preclude summary judgment. The legal errors of the district court require this Court to reverse the previous findings and grant summary judgment to Defendants.

Respectfully Submitted,

FOR THE APPELLANTS

HOPKINS & HUEBNER, P.C.
By */s/ Brent L. Hinders*
Brent L. Hinders, AT0003519

By */s/ Eric M. Updegraff*
Eric M. Updegraff, AT 0008025
2700 Grand Avenue, Suite 111
Des Moines, IA 50312
Telephone: 515-244-0111
Facsimile: 515-244-8935
bhinders@hhlawpc.com
ATTORNEYS FOR APPELLANT
RYAN STEINKAMP

By */s/Stephen R. Eckley*
Stephen R. Eckley, AT0002250
ECKLEY LAW PLLC
666 Walnut Street, Suite 2308
Des Moines, IA 50309
Telephone: 515-218-1717
Facsimile: 515.218.1555
ATTORNEY FOR APPELLANT
BRIAN MINNEHAN

*Filed by CM/ECF*

# CERTIFICATIONS

**Filing and Service**. The undersigned certifies that on June 11, 2024, the attached Appellant's reply brief was electronically filed with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Upon receipt of notice that the brief has been accepted by the clerk of court, the filer will serve the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by placing 10 copies in the U.S. Mail to:

Eighth Circuit Court of Appeals
Thomas Eagleton Courthouse
111 South 10th Street,
St. Louis, MO 63102


I further certify that a paper copy was sent to counsel of record to:

Gina Messamer
Parrish Kruidenier
2910 Grand Avenue
Des Moines, IA 50312

/s/ Akosua Wiafe
Akosua Wiafe

**Compliance**. The brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,886 words. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/Akosua Wiafe
Akosua Wiafe

**Scanned**. The undersigned certifies that the brief and addendum have been scanned for viruses and that the brief and addendum are virus-free.

<u>/s/ Akosua Wiafe</u>
Akosua Wiafe